UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES E. MARSALA | CIVIL ACTION |
| v. | NO. 13-6800 |
| JERRY L. MAYO, MICHAEL GRAY, JERRY GABET, A&S RECOVERY, JACKSONVILLE DINING CONCEPTS, SCIBMATT, LCC | SECTION "F" |

ORDER AND REASONS

Before the Court are two motions: (1) the defendants's motion to set aside the entry of default, and (2) the plaintiff's motion for default judgment. For the reasons that follow, the motion to set aside the entry of default is GRANTED, and the motion for default judgment is DENIED.

Background

The underlying facts of this case are set forth more completely in this Court's rulings on motions in prior, related litigation commenced in 2006 and in a previous Order and Reasons in this case.[1]

In the late 1990s, Charles Marsala, Jerry Mayo, and Jay Lanners joined together to invest in restaurant franchises through

---

[1] See Marsala v. Mayo, No. 06-3846, 2007 WL 3245434 (E.D. La. Nov. 2, 2007) and Order and Reasons dated June 12, 2013, Rec. Doc. 139 of Civil Action No. 06-3846, aff'd, 551 F. App'x 181 (5th Cir. 2014). See also Order and Reasons dated August 11, 2014, Rec. Doc. 56 of this civil action.

1

their company, Profitable Dining, LLC. Marsala was the only one to invest $200,000 in capital for the venture. After the venture failed, Marsala sued Mayo, Lanners, and Profitable Dining in 2006.

Marsala alleged fraud, breach of fiduciary duty, and contribution; he also sought to recover from Profitable Dining a debt allegedly owed pursuant to a promissory note. After discovery, the defendants moved for summary judgment, which was granted in part. The parties then settled, and the Court dismissed the claims against Mayo without prejudice. Later, the Court dismissed the claims with prejudice.

More than five years later, Mr. Marsala moved to reopen the 2006 litigation against Mayo, Lanners, and Profitable Dining pursuant to Rule 60 of the Federal Rules of Civil Procedure. This motion was denied, and the Fifth Circuit affirmed the denial. See Marsala v. Mayo, 551 F. App'x 181 (5th Cir. 2014) (per curiam).

On December 30, 2013, Mr. Marsala, *pro se*, filed this lawsuit against Mayo, Michael Gray, A&S Recovery, Jacksonville Dining Concepts, and SCIBMATT, LLC. In a complaint that overlaps with his 2006 lawsuit, Mr. Marsala alleges that the $200,000 he invested in 1998 and the $250,000 he loaned in 2001 to Profitable Dining were transferred without his knowledge to SCIBMATT, LLC, A&S Recovery, "and other companies owned by Jerry Mayo, Mike Gray, and Jerry Gabet, plus his funds ($65,000) directly paid to GE Finance in 2005 were used to pay for the FF&E in Jacksonville Dining Concepts'

2

Copeland Restaurant." Mr. Marsala asserts various claims, including claims for securities fraud, conspiracy, fraudulent concealment, unjust enrichment, and constructive trust. On August 11, 2014, this Court granted a motion to dismiss the claims against Michael Gray, A&S Recovery, and SCIBMATT, LLC. Jacksonville Dining and Mr. Gabet did not join that motion.

On August 4, 2014, Mr. Marsala filed a request for entry of default against Jacksonville Dining. He asserted that Jacksonville Dining had failed to plead or otherwise answer his complaint. Mr. Marsala submitted an affidavit in support of the request, in which he stated that service of process was had on defendant Jacksonville Dining on April 24, 2014. The Clerk of Court entered a default against Jacksonville Dining that day.

Two weeks later on August 19, Defendant Jerry Gabet retained counsel to represent him in the suit. Mr. Gabet requested that his counsel represent Jacksonville Dining, of which he is a managing member, as well. At this point, counsel for Jacksonville Dining discovered the entry of default against Jacksonville Dining. Mr. Gabet claims that he learned of the purported service of process and the entry of default only when his lawyer discovered them.

Mr. Marsala claims that he properly served Jacksonville Dining, a North Carolina LLC, through its registered agent, Corporation Services Company on April 24, 2014. Throughout 2014, however, Jacksonville Dining has been registered in the state of

3

Florida, and its registered agent has been Mr. Gabet, at an address in Florida. Jacksonville Dining was previously organized under the laws of North Carolina, but that entity was dissolved on April 16, 2012, more than two years before the purported service of process.

I.

A.

Federal Rule of Civil Procedure 55(c) authorizes the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Fifth Circuit has observed that good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." <u>Dierschke v. O'Cheskey</u>, 975 F.2d 181, 183 (5th Cir. 1992). Thus, "the requirement of 'good cause' . . . ha[s] generally been interpreted liberally." <u>Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.</u>, 346 F.3d 552, 563 (5th Cir. 2003) (alteration in original) (quoting <u>Amberg v. Fed. Deposit Ins. Corp.</u>, 934 F.2d 681, 685 (5th Cir. 1991)).

To determine whether good cause has been shown, the Court considers three nonexclusive factors: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense has been presented by the defaulting party. <u>Id.</u> Other factors, such as whether the party acted expeditiously in correcting the default, whether there was a significant financial loss to the defendant,

and whether the public interest may be implicated by the default, may also be considered. Dierschke, 975 F.2d at 184. These factors should be applied consistent with the principle that defaults are generally disfavored and that resolving cases on the merits is preferable. See Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000)("[F]ederal courts should not be agnostic with respect to entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." (internal quotation marks omitted)); see also Amberg, 934 F.2d at 686 ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules.").

B.

The defendant has shown that there is good cause to set aside the entry of default entered against it.

Applying the first factor, the Court finds that there is insufficient evidence to support a conclusion that Jacksonville Dining's failure to respond was intentional. Not having been properly served, Jacksonville Dining was not aware of any responsive pleading requirements. Its failure to respond was not a willful failure to act.

As to the second factor, the Court finds that the plaintiff would not be prejudiced by setting aside the entry of default.

This case is in the early stages of litigation; no trial date has been set, and discovery has not commenced. The mere fact that setting aside the default would require the plaintiff to litigate the dispute is insufficient prejudice, indeed not any prejudice, to require the default to stand. See C&G Boats, Inc. v. Tex. Ohio Servs., Inc., 164 F.R.D. 57, 59 (E.D. La. 1995).

Although the defendant's counsel has only recently learned of the lawsuit, the defendant seeks to defend the plaintiff's allegations by showing that none of the plaintiff's claims has merit; thus, under the third factor, the defendant has shown that they could have a meritorious defense.

Other considerations weigh in favor of relieving the defendant from the entry of default. The defendant acted expeditiously in correcting the default: this motion was filed two days after defendant's counsel discovered the entry of default. The defendant will also likely incur significant financial loss if the default entry stands, because the plaintiff's claim amounts to hundreds of thousands of dollars.

Accordingly, the Court finds that the defendant has shown good cause for setting aside the entry of default against it. The Court now considers plaintiff's motion for default judgment.

## II.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme

situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)). Federal courts disfavor default judgments and prefer to resolve disputes on the merits. Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citing Lindsey v. Prive Corp., 161 F.3d 886, 892 (5th Cir. 1998)).

A moving party "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Lewis, 236 F.3d at 767 (citing Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996)). "There must be a sufficient basis in the pleadings for the judgment [of default to be] entered." Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Because the Court finds that the service of the complaint on Jacksonville Dining was defective, this alone prevents the entry of a default judgment against Jacksonville Dining. Harper Macleod, 260 F.3d at 393. Defendant's motion is GRANTED. Plaintiff's motion is DENIED. The default is hereby set aside.

New Orleans, Louisiana, September 8, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE