UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHARLES MARSALA                          CIVIL ACTION

V.                                       NO. 13-6800

JERRY L. MAYO, ET AL.                    SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is a motion by the defendants Gerald (Jerry) Gabet and Jacksonville Dining, LLC, to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the defendants' motion to dismiss is GRANTED.

<u>Background</u>

This facts underlying this case arise out of the same failed business venture, Profitable Dining, LLC, involved in related litigation pursued unsuccessfully by Mr. Marsala in 2006.  In that case, Mr. Marsala sued Jerry Mayo and Jay Lanners for fraud, breach of fiduciary duty, and contribution, and Profitable Dining, LLC on a debt allegedly owed pursuant to a promissory note.  All claims in that lawsuit were dismissed on summary judgment, or settled and dismissed with prejudice in late 2007 and early 2008.  <u>See</u> <u>Marsala v. Mayo</u>, No. 06-3846, 2007 WL 3245434 (E.D. La. Nov. 2, 2007); Order granting motion to dismiss case, No. 06-3846 (Jan. 24, 2008).

Over five years later, Mr. Marsala moved to reopen the 2006 case under Federal Rule of Civil Procedure 60.  This Court denied that motion as untimely, and the Fifth Circuit affirmed.  <u>Marsala</u>

1

v. Mayo, 55 F. App'x 181 (5th Cir. 2014) (per curium).

A few months later, Mr. Marsala nevertheless filed this case *pro se* against Mr. Mayo, Mr. Gray, A&S Recovery, SCIBMATT, LLC, Mr. Gabet, and Jacksonville Dining, LLC.  In a complaint that overlaps with his 2006 lawsuit, Mr. Marsala alleges that the $200,000 he invested in 1998 and the $250,000 he loaned in 2001 to Profitable Dining were transferred without his knowledge to SCIBMATT, LLC, A&S Recovery, "and other companies owned by Jerry Mayo, Mike Gray, and Jerry Gabet, plus his funds ($65,000) directly paid to GE Finance in 2005 were used to pay for the FF&E in Jacksonville Dining Concepts' Copeland Restaurant."  Mr. Marsala asserts various claims, including claims for securities fraud, conspiracy, fraudulent concealment, unjust enrichment, and constructive trust. On August 11, 2014, this Court granted a motion to dismiss the claims against Michael Gray, A&S Recovery, and SCIBMATT, LLC.

Mr. Gabet and Jacksonville Dining did not appear before the Court, and Mr. Marsala obtained a default against them, which this Court subsequently set aside.  Mr. Gabet and Jacksonville Dining now move to dismiss the case against them under 12(b)(6).  The Court grants these defendants' motion for the reasons it granted the other defendants' motion to dismiss.  All the relevant legal standards are set forth in the Court's previous Order and Reasons dated August 11, 2014.  For the sake of brevity and because the Court is evaluating essentially the same claims here, they will not

be repeated.

## I. Collateral Estoppel

Just as this Court found with respect to the other defendants,[1] the Court agrees with Mr. Gabet and Jacksonville Dining that Mr. Marsala is precluded from re-litigating issues relating to his fraud and promissory note claims because those issues were previously resolved.  A point Mr. Marsala seems dedicated to overlook.

Mr. Marsala alleges that Mr. Gabet "facilitated" the fraud alleged in the 2006 lawsuit, and that Jacksonville Dining eventually obtained some of the funds he invested in Profitable Dining, which he sought to recover in the 2006 lawsuit.  It is not clear whether he seeks relief from Mr. Gabet or Jacksonville Dining regarding his promissory note claims.  In any event, Mr. Marsala's fraud and promissory note claims are identical to those asserted in his 2006 lawsuit, and there are no special circumstances meriting ignoring the doctrine of collateral estoppel.  <u>See</u> <u>Winters v. Diamond Shamrock Chem. Co.</u>, 149 F.3d 387, 391 (5th Cir. 1998).  To the extent that Mr. Marsala seeks to re-litigate issues decided in the 2006 litigation, he is barred from doing so.

## II. Failure to State a Claim

Just as Mr. Marsala failed to state a plausible claim for

---

[1]Throughout the Court's discussion, see the previous Order and Reasons in this case dated August 11, 2014, for a more detailed analysis.

relief against the other defendants, he has failed to do so with respect to Mr. Gabet and Jacksonville Dining as well.

### 1. Fraud/Fraudulent Concealment

The Court agrees with the defendants that Mr. Marsala has failed to plead facts with sufficient particularity to state a claim for fraudulent concealment.  Mr. Marsala asserts that Mr. Gabet "facilitated" and that Jacksonville Dining benefitted from the "Jay and Jerry Business Plan"/Profitable Dining "scheme" that is the basis of his fraud claims.  These claims have already been litigated, and Mr. Marsala does not allege facts in his complaint supporting the elements of fraud against Mr. Gabet or Jacksonville Dining.  See Ga. Code Ann. § 23-2-53; Hanlon v. Thornton, 462 S.E.2d 154, 156 (Ga. App. 1995); Order and Reasons, 08/11/14, pp. 12-14.

### 2. Breach of Fiduciary Duty

Mr. Marsala alleges that Mr. Gabet was part of a conspiracy with defendants Mr. Mayo and Mr. Gray to "breach[] their fiduciary duty owed to plaintiff . . . ."  Mr. Marsala's claim fails for two reasons: (1) he fails to allege any fiduciary duty owed to him by Mr. Gabet or Jacksonville Dining, and (2) even if he did, he fails to offer anything other than conclusory allegations of any breach of such a duty.

### 3. RICO–Mail Fraud

It does not appear that Mr. Marsala asserts his Racketeering

4

Influenced and Corrupt Organization Act claims against Mr. Gabet and Jacksonville Dining, but to the extent that he does, these claims are dismissed for the same reasons stated by this Court in its previous Order and Reasons, pp. 15-16.  Mr. Marsala fails to allege any of the elements necessary for a plausible mail fraud claim.

### 4. Conspiracy

Mr. Marsala alleges that Mr. Gabet was part of a conspiracy to commit fraud and breach fiduciary duties by participating in acts leading up to the formation of Profitable Dining and through the buy-out of Mr. Marsala's interests in early 2004.  As previously explained by this Court, Mr. Marsala fails to state a plausible claim for conspiracy.  Order and Reasons, p. 17.  Mr. Marsala also fails to allege any facts plausibly suggesting that an agreement existed  between Mr. Gabet or Jacksonville Dining and any other defendants to conspire to commit a tort against him.  Thus, his conspiracy claims fail.

### 5.  Unjust Enrichment/Constructive Trust

Mr. Marsala also asserts an unjust enrichment claim against Mr. Gabet and seeks a constructive trust against Jacksonville Dining.  But Mr. Marsala's claim is time-barred, as previously held by this Court, because he "discovered" the funds that are the basis of his claim in September 2007.  As for the constructive trust "claim," it is, of course, not a separate cause of action but

rather a remedial device.  St. Paul Mercury Ins. Co. v. Meeks, 508 S.E.2d 646, 648 (Ga. 1998).  Both Mr. Marsala's unjust enrichment and constructive trust claims are dismissed.

      6. Conversion

      Finally, Mr. Marsala also alleges "theft by conversion" against the defendants.  Again, he contends that he discovered the transfer of funds that is the basis of his conversion claim in September 2007.  Thus, his claim is time-barred under the Georgia four-year statute of limitations on conversion claims.  See Ga. Code Ann. § 9-3-32.

      Accordingly,

      IT IS ORDERED that the defendants' motion to dismiss is GRANTED, and the plaintiff's claims against Mr. Gabet and Jacksonville Dining are hereby DISMISSED WITH PREJUDICE.[2]

      New Orleans, Louisiana, October 6, 2014

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]Should Mr. Marsala's pattern of conduct regarding his attempts to resurrect previously dismissed claims against other parties continue, the Court is obliged to urge Mr. Marsala to obtain the advice of counsel, and to encourage him to become familiar with the sanction provisions of 28 U.S.C. § 1927.