UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES E. MARSALA | CIVIL ACTION: 13-6800 |
| VERSUS | SECTION "F" |
| JERRY L MAYO, MICHAEL GRAY, | JUDGE MARTIN L. FELDMAN |
| A&S RECOVERY, JACKSONVILLE | MAGISTRATE 5 |
| DINING CONCEPTS, AND SCIBMATT | MAGISTRATE MICHAEL NORTH |

*U.S. DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA, FILED OCT 14 2014, WILLIAM W. BLEVINS, CLERK*

## Request for Appeal Regarding Doc 91 Dismissal for Failure to State a Claim

I appeal the decision of the Court regarding Doc 91.

Respectfully Submitted,

*[signature]*

Charles Marsala
3302 Montiegne Place
Monroe, LA 71201
(650) 333-8212

UNITED STATES DISTRICT COURT

1

*UNITED STATES DISTRICT COURT*
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES E. MARSALA | CIVIL ACTION: 13-6800 |
| VERSUS | SECTION "F" |
| JERRY L MAYO, MICHAEL GRAY, | JUDGE MARTIN L. FELDMAN |
| A&S RECOVERY, JACKSONVILLE | MAGISTRATE 5 |
| DINING CONCEPTS, AND SCIBMATT | MAGISTRATE MICHAEL NORTH |

### Memorandum in Support of Appeal

The Court as advised I consult with an attorney. I did in 2011, 2012, 2013, & 2014.

Before filing Civil Action 13-6800, I consulted with two former US Attorney Generals who both agreed the case was Securities Fraud and Bustout Bankruptcy Fraud at least.

However the current US Attorney General's office would not take the case based on the 2007 Order and Reason, which did not address either of those issues.

In 2012 I was advised to file a case under Rule 60(b) 6 – Independent Action. Something not time barred.

The current action is regarding payments made by Profitable Dining to SCIBMATT (2.5% of gross sales) and Jerry Gabet (1% of gross sales) during 2004 to manage the affairs of Profitable Dining 0 generating a fiduciary / confidential relationship with 10 year statute of limitations.

Within a few months they had defaulted to GE Finance for the FF&E, leaving me to pay, while they reformed the company and continued its operations under

2

Jacksonville Dining Concepts.   Actions referred to as "Squeeze-Out Merger,

Securities Fraud, and Fraudulent Transfer to avoid creditors".

Those concepts were not discussed in the 2007 Order and Reason.

An unfortunate situation happened in that Plaintiff's subpoena on Sept 9 was denied on Sept 11. A re-hearing was requested on Sept 15 and granted on Sept 25th.

Subpoenaed Parties were not able to produce before being told the requests were moot. Items requested included:  1. The paper work from Corporate Services showing that they served Jacksonville Dining Concepts which would prove that Jacksonville Dining was served in late April or early May.  2. The Sales for Jacksonville Dining Concepts proving that Profitable Dining did not fail but was simply renamed.

Respectfully Submitted,

*[signature]*

Charles Marsala
3302 Montiegne Place
Monroe, LA 71201
(650) 333-8212

## CERTIFICATE OF SERVICE

I hereby certify that on Oct 14, 2014, I filed with the Clerk of Court and will send a copy by US Mail to the following parties:

Matthew S. Almon
546 Carondelet St.
New Orleans, LA 70130
(504) 581-3200

Meredith Grabill
201 St. Charles Ave suite 4000
New Orleans, LA 70170

By: Charles Marsala
3302 Monteigne Place
Monroe, LA 71201

**UNITED STATES DISTRICT COURT**